### IN THE

# SUPREME COURT OF TENNESSEE,

### FOR THE

# WESTERN DIVISION.

JACKSON, . . . . . . . . APRIL TERM, 1873.

---

### DE SOTO BANK *v.* CITY OF MEMPHIS.

CORPORATION. *Banks. Property not exempt from taxation. When.* Where
a clause in the charter of a bank exempts from taxation a building
which the company are allowed to erect under the charter for the pur-
pose of carrying on the business of the bank, if any part of such build-
ing be not so occupied, but is leased out, the exemption will reach and
cover only so much of the building as is necessary for the use of the
bank.

---

#### FROM SHELBY.

---

Appeal from the Chancery Court at Memphis.

No counsel marked.

FREEMAN, J., delivered the opinion of the court.

In the case of the De Soto Bank, it is admitted

that a tax has been levied properly on the shares of the stock, if the shares of stock are liable for such a tax. We need not further discuss this question, as the principles announced in the other cases on this question settle it. But the city has levied a tax on the bank building and ground. This is claimed to be also exempt under the clauses of the charter, which provides "that the institution shall pay an annual tax of one-half of one per cent. on each share of capital stock, which shall be in lieu of all other taxes whatever." The other clause of the charter bearing on the question is the fourth section, which, after conferring the usual banking powers on the corporation, adds, "and may purchase and hold a lot of ground for the use of the institution as a place of business, and at pleasure sell and exchange the same."

Without discussing at length the argument or authorities cited in support of the exemption of the bank building, we content ourselves by extracting from one of the cases what we deem to be the true principle on this question, and the one held by a large preponderance of the authorities, which we have carefully examined. The company is a private corporation, created for banking purposes. It has not conferred on it the general power of purchasing or of becoming owner of real estate, but has the special grant of power to purchase and hold a lot of ground for the use of the institution as a place of business. In the language of the court in the case of *The State* v. *Commissioners of Mansfield*, 3 Zabris., 513, "this power is limited to, and can only be exercised to effect the

purposes for which it was conferred by the government. It is a part of the franchise, and the exercise of the corporate franchise being restrictive of individual rights cannot be extended beyond the letter and spirit of the act of incorporation." We add, that there is no power conferred to hold real estate for any other purpose than "for the use of the institution as a place of business." Such is the language of the charter, and is the only privilege granted. It cannot be extended beyond its terms. To quote again from the above case: "But there must be a limit somewhere to this power (even if it were not defined in the charter), to extend its operations, and hold property exempt from taxation under the exempting clause, that limit must be fixed where the necessity ends and mere convenience begins." See cases cited in the above case; see, also, 4 Zabris., 371; 3 Harrison, 73. We might cite numerous other cases in support of this principle, but deem it too clear to admit of any doubt. The only case cited in support of the exemption, and which we think sustains it, is the case of *New Haven* v. *City Bank,* 31 Conn., 108. With the reasoning of this opinion and conclusion of the court we are not satisfied; nor do we think it accords with the weight of authority on the question.

The bill in this case avers that the bank purchased in 1866 a lot of ground, and erected a building thereon, investing in lot and building $100,000 of its capital stock, and have held and occupied it since for their business, but that the bank does not occupy the whole building for the purpose of the bank, but

having constructed the building, the bank occupies a portion, and leases out the balance. Under the principle announced, the exemption can only reach and cover so much of said building as is necessary for the use of the bank, for the convenient carrying on of its business as a banking institution, and is so used. The balance must be held subject to taxation as other property, and is not covered by the exemption clause of the charter.

This case having been suspended on a petition for rehearing on June 3, 1874, Freeman, J., announced that the opinion of the last term is adherred to; we have no doubt of its correctness.